# Vierling, Appellant, v. Baxter et al.

*Corporations — Stockholders — Suit by stockholder to redress wrongs—Parties.*

1. A corporation is not a necessary party to a suit between stockholders where no corporate right is involved.

2. Corporate officers may be personally liable for a fraud committed by them in matters concerning the corporation, and a direct action may be maintained against them by another stockholder whom they have defrauded.

3. While a stockholder, merely as such, cannot have an action in his own behalf against persons who have injured the corporation, however much the wrongful acts may have depreciated the value of his shares, this principle has no application where the wrongful acts are not only wrongs against the corporation, but are also violations by the wrongdoers of a duty arising from contract or otherwise, and owing by them to the stockholders.

*Practice, C. P.—Pleading—Amendable defects.*

4. Where plaintiff's statement presents the substance of a cause of action, he cannot be turned out of court because of amendable defects, or because of generality of statement.

5. Where the pleading fails to comply with the Act of May 14, 1915, P. L. 483, the remedy is a motion to strike it off or for a more specific statement.

6. Every doubt must be resolved against summary judgments.

Argued March 12, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 20, March T., 1928, by plaintiff, from judgment of C. P. Westmoreland Co., Aug. T., 1926, No. 1012, for defendants on affidavit of defense raising questions of law, in case of Joseph Vierling v. Carrie Baxter, executrix of estate of Elmer J. Baxter, deceased, Chester C. Howe et al. Reversed.

Rule for judgment for want of sufficient affidavit of defense. Before COPELAND, P. J.

Judgment for defendants on question of law raised by the affidavit of defense. Plaintiff appealed.

*Error assigned*, inter alia, was judgment, quoting record.

*Francis A. Wolf*, with him *George Y. Meyer* and *J. Raymond Sowash*, for appellant.—The amended statement of claim alleges a conspiracy to cheat and defraud appellant individually whereby he was damaged; this constitutes a breach of legal duty for which a cause of action arises: Mott v. Danforth, 6 Watts, 304; Ballentine v. Cummings, 220 Pa. 621.

There being a direct breach of duty towards plaintiff, his right of action is in nowise affected by the fact that his damage is also the damage of his fellow stockholders of a corporation: Ritchie v. McMullen, 79 Fed. 522; Bank of Commerce v. Bright, 77 Fed. 949; White v. Bank, 252 Pa. 205; Kimmell v. Geeting, 2 Grant, 125; Kimmell v. Stoner, 18 Pa. 155.

*R. W. Smith* of *Smith, Best & Horn*, for appellees, cited: White v. Bank, 252 Pa. 205; Beeber v. Wilson, 285 Pa. 312; Penn Bank v. Hopkins, 111 Pa. 328; McAleer v. McMurray, 58 Pa. 126; Brown v. Orr, 112 Pa. 233.

OPINION BY MR. JUSTICE WALLING, April 16, 1928:

Plaintiff was the inventor and patentee of certain improvements in electric washing machines and, to facilitate his business, secured the charter of a Delaware corporation, known as the Pioneer Brush Washing Machine Company, with an authorized capital stock of one hundred thousand shares of five dollars each. He assigned the patents to the corporation, receiving fifty-one thousand shares of its stock. The corporation was registered in this state and located at Pittsburgh. On September 28, 1920, plaintiff entered into an agreement with the corporation by which he, inter alia, turned over to it all his stock in excess of twenty thousand shares, waived voting power on fifteen thousand shares

of the latter which he agreed might be placed in escrow. Plaintiff was to receive a royalty on all machines manufactured under his patents, the minimum of which should be $75 a month after eighteen months. The corporation undertook to pay plaintiff $7,000 for certain specified machinery and to employ him for a year at $300 per month. He promised to and did secure the resignation of the old board of directors and a new board took its place. He agreed to assign to the corporation all future patents he might obtain relating to the business and also to secure the cancellation of existing contracts with third parties. The six defendants, including one now dead and represented on the record by his executrix, were members of the corporation and in control thereof after the agreement of Sept. 28, 1920. Plaintiff's statement in this action of trespass charges them, inter alia, with conspiring to cheat and defraud him and that in furtherance of the fraudulent conspiracy they induced him to enter into the agreement above mentioned, after which, as officers of the corporation, they confessed judgments against it on fictitious claims by means of which the corporate property and patents, worth in all over sixty thousand dollars, were sold for $1,200 and purchased by one of the defendants for their joint benefit. Also that defendants secured a new Pennsylvania charter under the name of the Brush Washing Machine Company, to which the property of the old corporation, so fraudulently obtained, was turned over. All of which was done in carrying out the conspiracy, to plaintiff's damage, etc., setting forth the items. To this statement, defendants filed an affidavit of defense, raising legal questions only. Thereupon the trial court, after argument and upon due consideration, entered judgment for the defendants and plaintiff brought this appeal.

The action of the lower court was based on the conclusion that the wrongs complained of were to the corporation and all the stockholders and could be redressed

only by the corporation or in its name.  No fault can be found with this legal principle where the facts justify it; but the gravamen of plaintiff's complaint is not damage to the corporation or to stockholders in general but to himself individually.  He avers that by reason of the fraudulent conspiracy he was deprived of his patents, of his machinery, of his stock, of his salary, of his royalties, etc.  So far as these wrongs or any of them were committed against him personally there is no reason why the action may not be maintained.  The correct rule seems to be that stated by TAFT, J., in Ritchie v. McMullen, 79 Fed. 522, 533, viz: "It is undoubtedly true, as the circuit court held, that a stockholder, merely as such, cannot have an action in his own behalf against one who has injured the corporation, however much the wrongful acts have depreciated the value of his shares......But we are of opinion that this principle has no application where the wrongful acts are not only wrongs against the corporation, but are also violations by the wrongdoer of a 'duty arising from contract or otherwise, and owing directly by him to the stockholders'"; cited with approval in General Rubber Co. v. Benedict, 215 N. Y. 18, 109 N. E. 96.  Where the injury is to an individual he may bring suit in his own name: Porter v. Healy, 244 Pa. 427, 438; Beeber v. Wilson, 285 Pa. 312, 317.  The statement in White v. First Nat'l Bk. of Pgh., 252 Pa. 213, that, "There can, of course, be no doubt that a stockholder can maintain an action, where the act of which complaint is made is not only a wrong against the corporation, but is also in violation of duties arising from contract, or otherwise, and owing to him directly," while dicta, seems to correctly state the law. See also Kimmel v. Stoner, 18 Pa. 155; Kimmell et al. v. Geeting, 2 Grant's Cases 125.  A corporation is not a necessary party to a suit between stockholders where no corporate right is involved: 14 C. J. 885.  A corporate officer may be personally liable for a fraud com-

mitted by him in matters concerning the corporation, and a direct action therefor may be maintained against him by the party defrauded: Jamestown Iron & M. Co. v. Knofsky et al., 291 Pa. 60.

Furthermore, where plaintiff's statement presents the substance of a cause of action he cannot be turned out of court because of amendable defects, or because of generality of statement. Where the pleading fails to comply with the statute the remedy is a motion to strike it off or for a more specific statement. See Rhodes v. Terheyden et al., 272 Pa. 397. In the case last cited, Mr. Justice SIMPSON, speaking for the court, says: "The question to be decided under section 20 of the Act of 1915, is not whether a statement is so clear in both form and specification as to entitle plaintiff to proceed to trial without amending it, but whether upon the facts averred it shows, as a question of law, that plaintiff is not entitled to recover." And see Franklin Sugar R. Co. v. Lykens M. Co., 274 Pa. 206. Every doubt must be resolved against summary judgment, which will not be entered because of an amendable defect: Seaman v. Tamaqua Nat. Bank, 280 Pa. 124. For the present we must assume there was a conspiracy by means of which plaintiff was defrauded; if so it is not clear he will be unable to recover on at least some items of his claim, hence he can not be turned out of court at this preliminary stage of the litigation.

The judgment is reversed with a procedendo.