Glassport Trust Co. *v.* Feightner, Appellant.

Argued March 21, 1930.  Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*James R. Ruby,* with him *Alter, Wright & Barron,* for
appellant.—The affidavit of defense need not aver facts
showing that plaintiff had notice of the fraud com-
plained of: Lerch Hardware Co. v. Bank, 109 Pa. 240;
Hutchinson v. Boggs & Kirk, 28 Pa. 294; Hoffman v.
Foster, 28 Pa. 138; Smith v. B. & L. Assn., 93 Pa. 19;
Rothrock v. Panzera, 72 Pa. Superior Ct. 349; Gere v.
Unger, 125 Pa. 644; Schultheis v. Sellers, 223 Pa. 513;
Erie Boot & Shoe Co. v. Eichenlaub, 127 Pa. 164; Sec-
ond Nat. Bank v. Hoffman, 229 Pa. 429.

Plaintiff's statement, being insufficient under the
Practice Act of 1915, its rule for want of sufficient affi-
davit of defense should have been dismissed.

*W. W. Stoner,* of *J. M. Stoner & Sons,* with him *J. R. VanKirk,* for appellee.—The averment "that plaintiff herein knew or should have known of the fraud hereinbefore set forth," is wholly insufficient under section 12 of the Practice Act of 1915, P. L. 483: W. B. & C. Products Co. v. Bernard, 48 Pa. Superior Ct. 542; Bldg. & Loan Assn. v. Sheehan, 29 Pa. Superior Ct. 382; Morrison v. Whitfield, 46 Pa. Superior Ct. 103; Mutual Trust Co. v. Stern, 235 Pa. 202.

The holder's right cannot be defeated without proof of actual notice of the defect in title or bad faith on his part, evidenced by circumstances: Bank v. Morgan, 165 Pa. 199.

OPINION BY MR. JUSTICE SCHAFFER, May 12, 1930:

This is an action brought by the payee of a promissory note against the maker. To the statement of claim filed, an affidavit of defense was interposed, which the court below held insufficient and entered judgment for plaintiff; defendant appeals.

We think a brief but embracing statement of the facts as they appear in the affidavit of defense will much simplify the solution of the problem submitted to us. Defendant avers that three men named Satterfield, trading under the name of Keystone Garage, by false and fraudulent statements and representations, obtained her signature as accommodation maker to the note in suit, representing to her that the business they were conducting was solvent and prospering, which was untrue; that the money to be realized on the note was to be used by them for the purchase of two automobiles for the sale of which they were agents; that the automobiles had already been sold and orders placed therefor, and that immediately upon their delivery the money obtained from their sale would be applied to the payment of the note. These representations were untrue and the money obtained on the note was used for other purposes. It was further represented to defendant, so she alleges, that, in addition to

her signature, all of the partners would sign the note and it would also be signed by another. She admits she signed the note. It is drawn in the singular form. "I promise to pay" and is made payable to Glassport Trust Company, the plaintiff. No one other than defendant signed it. It is set forth that the three partners represented to appellant that there was to be no liability on her part, and no security was to be given by her, although the partners themselves had agreed with plaintiff that she would give to it a bond and mortgage on her home as collateral. It was averred that the plaintiff is in possession of such documents, which are forgeries. It is set forth that without any request or solicitation on her part or communication of any kind between her and plaintiff, it drew a check on itself, payable to Keystone Garage, and delivered it to one of the partners, with instructions to obtain her signature. She admits that she signed the check. She avers upon information and belief, without disclosing the source of her information, "that the plaintiff knew or should have known of the fraud hereinbefore set forth" and denies that it is a holder of the note in due course. We are of the like opinion as the learned court below, that these averments do not constitute a valid defense to the note.

We have this transaction: Defendant, for the accommodation of third parties, who were engaged in a scheme to defraud her, executed the note to plaintiff trust company. It placed the proceeds to defendant's credit. Up to this point she could not have been wronged and her note was unquestionably a valid obligation in the hands of the bank. It was a holder in due course: Johnston v. Knipe, 260 Pa. 504. Then she signed the check to the Keystone Garage. It was through the instrumentality of the check, not the note, that the fraud was perpetrated and nothing appears which in any way affects the latter instrument. The fraud set up was not consummated at the time she executed the note, but after the

money had been paid over to the Keystone Garage on the check which she signed.

The discussion in the briefs and in oral argument covers a wider field than the case would seem to warrant when its facts are baldly stated. · The real question comes down to this: Is the allegation upon information and belief, without disclosing the source or possessor of the information, that the plaintiff knew or should have known of the fraud, without any fact stated from which it could be concluded that it knew, or reason assigned why it should have known, a sufficient defense? We are of one mind that it is not: Michelin Tire Co. v. Schulz, 295 Pa. 140; Andrews v. Blue Ridge Packing Co., 206 Pa. 370. "The affidavit should state the facts specifically and with sufficient detail to enable the court to say whether they amount to a defense": Superior Nat. Bank v. Stadelman, 153 Pa. 634, 637.

So far as the second question stated by appellant is concerned, that plaintiff's statement and the affidavit subjoined to it do not aver its expectation of being able to prove on the trial the matters stated on information and belief, it is sufficient to say that this question was not raised in the court below and, therefore, will not be considered on appeal: Smith v. Yellow Cab Co., 288 Pa. 85; Com. v. Budd Wheel Co., 290 Pa. 380; Com. v. Motors Mortgage Corp., 297 Pa. 468.

The judgment is affirmed.