## SHAW v. PROTANE CORPORATION.
### No. 2.

District Court, W. D. Pennsylvania.

Nov. 9, 1932.

English, Quinn, Leemhuis & Tayntor, of Erie, Pa., for plaintiff.

Brooks, Curtze & Silin, of Erie, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action in trespass by Clara G. Shaw against the Protane Corporation, in which the plaintiff is seeking to recover damages resulting from an explosion which occurred in her home in Erie county, Pa., resulting in the death of her husband and the damaging of the dwelling. The real estate was held by the plaintiff and her deceased husband as an estate in entirety.

The defendant has filed an affidavit of defense raising questions of law, under the Pennsylvania Practice Act of 1915 (12 PS § 382 et seq.), the general tenor of which is that the statement does not disclose any negligence on the part of the defendant; that any allegations there alleged are upon information and belief, and are not properly pleaded under the Pennsylvania Practice Act. The affidavit further raises the question as to whether any right of recovery rests in the plaintiff alone for damages to the real estate.

Under the Pennsylvania Practice Act of 1915, the plaintiff is required to furnish a statement of his cause of action, which shall be a statement, in a concise or summary form, of the material facts upon which he relies.

Briefly stated, the material facts alleged in the instant case are that the plaintiff and her husband were joint tenants of a dwelling house in Erie county, Pa.; that the defendant corporation installed, in the dwelling house occupied by plaintiff and her husband, the necessary equipment for furnishing protane gas, which the defendant manufactured and delivered from time to time in tanks, these tanks, as delivered, being attached by the defendants to equipment which had already been installed.

The plaintiff avers that the manifold, being a part of the equipment so furnished by the defendant, had become worn and cut, so that in connecting the same to the protane tanks, brass materials were cut off from the manifold and lodged in the tank valve.

The plaintiff further avers that the tanks in which defendant had supplied protane gas to the plaintiff had not been cleansed, and that such tank contained dust, dirt, and other foreign materials; that by reason of the accumulation of particles of brass lodged in the valve of the tank, an obstruction occurred to the natural flow of protane gas to the hot-water heater which had been lighted by the plaintiff's husband. The supply of gas was temporarily cut off by reason of that obstruction, which later gave way to the pressure of gas behind it; and the gas forced itself out through the open valves of the hot-water heater into the cellar where the equipment was located, filling the air with explosive gas. Shortly after that time, defendant's husband, discovering that no hot water was flowing from the hot-water tank, was about to enter the cellar, when the explosion occurred which caused his death and serious damage to the dwelling house.

These facts, if true, would, in our judgment make it a case of negligence against the defendant. The defendant, however, objects to this charge of negligence, contending that it is based on information and belief, and that the plaintiff has not disclosed the source of the information. That might be sufficient grounds for the defendant to secure from the plaintiff a more particular statement of plaintiff's cause of action by filing a motion to strike out, under the provisions of section 21 of the Pennsylvania Practice Act of 1915 (12 PS § 491), but is not, in our opinion, good grounds for a statutory demurrer under that act, because the facts as to the obstruction of the gas line and valves by particles of brass, dirt, and foreign materials, are clearly charged in the statement of claim. Even though the charge be made on information and belief, we believe that the statement contains all the facts that the defendant is entitled to, except as to the source of plaintiff's information on which she bases the charge of obstructing the gas line with particles of brass, dust, and foreign materials.

The defendant has cited the cases of Glassport Trust Co. v. Feightner, 300 Pa. 317, 150 A. 644, and Munhall v. Travelers Insurance Company, 300 Pa. 327, 150 A. 645, that an allegation of fraud is insufficient, when the allegation is on information and belief, without disclosing the source or possessor of the information. Assuming this to be true, the defendant's remedy would be by motion to strike, and for a more specific statement, and not by a statutory demurrer.

The Supreme Court further held, in the case of Vierling v. Baxter, 293 Pa. 52, 141 A. 728, that where a plaintiff's statement presents the substance of a cause of action, he cannot be turned out of court because of amendable defects, or because of generality of statement, holding that where a pleading fails to comply with the statute, the remedy is by motion to strike off, or for a more specific statement.

We therefore overrule the affidavit of defense raising questions of law.