## Huey, Guardian, v. Pfister et al.

*Henry Arronson*, for plaintiff; *O'Connell, Donnelly & Tobin*, for defendants

SMITH, P. J., March 12, 1934.—This matter arises from preliminary objections filed to a bill in equity.

The bill in equity was filed by a guardian ad litem of a mentally incompetent woman, one Estelle Guetherman. It avers that on June 16, 1931, while she was suffering from a form of mental disease known as dementia præcox, John A.

Pfister, one of the defendants, procured from her the execution of a warrant of attorney to confess judgment for the purchase price of certain heating equipment installed by him in her home; that, pursuant to said warrant of attorney, judgment was entered by the said Pfister against the said Estella Guetherman on July 8, 1931, in the Court of Common Pleas No. 2, as of June term, 1931, no. 7014; that damages were assessed against Estella Guetherman on May 8, 1933, in the sum of $467.88; that a writ of fi. fa. was issued and the residence of the said Estella Guetherman, situate at 3074 Martha Street, was sold by the Sheriff of Philadelphia County for $450 to John A. Pfister, one of the defendants, and Sarah, his wife; that when the said Pfister procured the warrant of attorney aforesaid the said Estella Guetherman was suffering from a condition of insanity which prevented her from understanding the character of the instrument that she had signed, which mental condition was known to the said Pfister at that time and later when in 1933 he recorded the deed to him from the sheriff; that the mental condition of the said Estella Guetherman became worse, so that in April 1933, upon order of the physicians attending her, she was committed to the Philadelphia Hospital for Mental Diseases and that on October 2, 1933, the said Henry C. Huey was appointed guardian ad litem for her; that the said Pfister and his wife, well knowing the insanity to which Estella Guetherman was subject, undertook to sell and did convey in August 1933 the premises 3074 Martha Street to the other defendants, John J. McIntyre and Cora G., his wife, for the sum of $2,400, with intent to prevent the recovery thereof by the said Estella Guetherman; that at the time of the said conveyance to the McIntyres the said real estate was assessd at $1,700 and valued at $2,500; "that your petitioner is advised, believes, and therefore avers that the said John J. McIntyre and Cora G. McIntyre at the time they undertook to make settlement for the aforesaid property had knowledge of such facts as placed them upon notice, express or implied, that title to the premises aforesaid . . . was clouded by reason of the right and interest of the said Estella Guetherman . . . and by reason of the facts and circumstances hereinabove averred and notwithstanding such notice or knowledge they procured a deed for said premises." etc., on September 16, 1933, which said deed was recorded September 27, 1933, in the Office for the Recording of Deeds in and for the County of Philadelphia; that on September 25, 1933, counsel for Estella Guetherman advised counsel for Pfister in writing that he was about to have a guardian ad litem appointed and to file a bill in equity to recover title to the said property; that on September 27, 1933, when counsel for Estella Guetherman learned that the said McIntyres claimed an interest in said property, he wrote the said John J. McIntyre that it was his intention to file a bill in equity to restrain any transfer of the title to him by reason of the mental incompetency of the said Estella Guetherman at the time of the sale and prior thereto, and by reason of her mental incompetence at the time of the execution of the said warrant of attorney on June 16, 1931, as well as on the date of the sale of her property on June 19, 1933.

The prayer of the bill is for the court to declare null and void the judgment note and the sheriff's conveyance to Pfister; to grant a restraining order as to McIntyre to prevent a reconveyance of the property; to appoint a permanent guardian for Estella Guetherman; to adjudge Estella Guetherman the lawful owner of the property, and for an accounting of rents and income.

Preliminary objections were filed to the said bill in equity by John J. McIntyre and Cora G., his wife, stating that the bill failed to set forth facts showing that McIntyre had knowledge of the mental condition of Estella Guetherman; that there is no averment that the letter written September 17, 1933, was received

until the following day, or after the recording of the deed to McIntyre; that the record is defective in that Roger J. McKeown and Louisa McKeown, his wife, the holders of a first mortgage on the property for $900, duly recorded September 27, 1933, are not parties to the record; that the plaintiff has an adequate remedy at law in ejectment; that the bill in equity as filed in this court is a collateral attack against the judgment entered by Pfister against Estella Guetherman in another court of common pleas.

The bill does not contain a specific averment that the McIntyres were parties to any fraud upon Estella Guetherman. It admits that they paid $2,400 for a property assessed at $1,700 and valued at approximately $2,500. The bill avers a fraud practiced upon Estella Guetherman by Pfister and avers "that your petitioner is advised, believes, and therefore avers that the said John J. McIntyre and Cora G. McIntyre, at the time they undertook to make settlement for the aforesaid property, had knowledge of such facts as placed them upon notice, express or implied, that title to the premises aforesaid was clouded by reason of the rights and interest of the said Estella Guetherman," etc. This averment is too general in its terms to indicate to the defendant McIntyre what he at trial may be called upon to meet: Pierson et al. v. London, 102 Pa. Superior Ct. 176; Penna. Co., etc., v. Skelly Bolt Co., 106 Pa. Superior Ct. 515; Kittleberger & Evans v. Home Builders Co. et al., 108 Pa. Superior Ct. 264. In Glassport Trust Co. v. Feightner, 300 Pa. 317, 321, Mr. Justice Schaffer said:

"The real question comes down to this: Is the allegation upon information and belief, without disclosing the source or possessor of the information, that the plaintiff knew or should have known of the fraud, without any fact stated from which it could be concluded that it knew, or reason assigned why it should have known, a sufficient defense? We are of one mind that it is not: Michelin Tire Co. v. Schulz, 295 Pa. 140; Andrews v. Blue Ridge Packing Co., 206 Pa. 370. 'The affidavit should state the facts specifically and with sufficient detail to enable the court to say whether they amount to a defense': Superior Nat. Bank v. Stadelman, 153 Pa. 634, 637."

There are no facts averred which show that, at the time of the conveyance to them, the McIntyres had knowledge that there was any defect in the title of Pfister; or that they had knowledge of the insanity of Mrs. Guetherman. In fact, the deed to the McIntyres was recorded in the office of the recorder of deeds on September 27, 1933—the same day that the letter was written to them by the attorney for Mrs. Guetherman. There is no fact averred that this letter was received in any other course but the due course of mail. In fact, the bill presents facts which show that the McIntyres were bona fide purchasers for value without notice of any fraud.

The plaintiff may have an action at law in ejectment to determine if the title of the McIntyres is defective. The Pfisters make no claim to the title in the property. The dispute is between the plaintiff and John J. McIntyre and his wife. If the warrant given Pfister was void or voidable by reason of insanity on the part of Estella Guetherman, the matter of the validity of titles growing out of the sale or sales under said warrant should be determined on the law side of this court. It has been decided that one who is non compos mentis cannot make a contract which may have any efficacy as such. But the factual thing first to be disposed of is: Was the person non compos mentis at the time the written commitment was made? The pleadings indicate that this judgment note was given to Pfister for a boiler installed in the home of Estella Guetherman. She evidently had enough mentality to appreciate the need of a new boiler in her home. It must be evident that she has not paid for it and that she ten-

dered the judgment note as evidence of that indebtedness. All these matters may well be tried before a jury.

### Decree

And now, to wit, March 12, 1934, the bill in equity is dismissed without prejudice, and the case is remanded to the law side of the court upon proper pleadings being framed.