Benjamin T. SMITH

v.

SHAFFER STORES COMPANY

and

American Can Company.

Civ. A. No. 26092.

United States District Court
E. D. Pennsylvania.

Aug. 15, 1961.

Ballard, Spahr, Andrews & Ingersoll, Donald I. Lamont and M. Carton Dittmann, Jr., Philadelphia, Pa., for plaintiff.

Morgan, Lewis & Bockius, by Richard P. Brown, Jr., Philadelphia, Pa., for Shaffer Stores Co.

Duane, Morris & Heckscher, by William C. Smith, Philadelphia, Pa., for American Can Co.

WOOD, District Judge.

This action involves three counts aris-ing out of the sale by plaintiff of his capital stock in two wholly owned corporations to defendant Shaffer Stores Company (hereinafter called "Shaffer") under a written agreement dated August 31, 1956. Count I against both defendants avers that plaintiff was induced to execute the sale by fraudulent misrepresentations of both. Counts II and III against Shaffer alone aver that Shaffer breached the agreement and was also negligent.

Defendant American Can Company (hereinafter referred to as "American") has moved for judgment on the pleadings and for summary judgment, while defendant Shaffer has moved for summary judgment on all three counts. The basic facts incident to this adjudication are as follows:

In August of 1956, plaintiff was the owner of all of the stock of B. T. Smith

**310**

Concentrates, Inc. (hereinafter referred to as "Concentrates") and Service Frozen Foods, Inc. These companies were engaged in the business of processing citrus fruits in the State of Florida. Prior to August 1956, Concentrates was in serious financial difficulties and among its liabilities owed American a sum in excess of $400,000. In order to avoid bankruptcy and if possible liquidate the obligation to American, it became necessary to refinance or sell Concentrates.

At this posture in the situation various interests and their representatives entered upon the scene and it was, by reason of this and their representations, authority or the failure thereof that gives rise to the immediate problem before us. The first name that appears is Charles Polhamus, who was the Atlantic Division Credit Manager for American. The next was one James C. Webster, an investment broker, who, it is alleged, represented one Arthur Lorch and Shaffer. Lorch and Shaffer were involved in various affiliated business enterprises and interested in the citrus concentration business. Later there appeared one Andrew W. Geier, an Assistant Treasurer of American, and, in a rather incidental capacity, one Paul Gardner, attorney for Shaffer.

During the negotiations leading up to the contract of August 31, 1956, all of these, from the record before us, took some active part. The interest of each of these representatives and their principals is clearly indicated in the record. American obviously had an interest in this contract because of the huge obligation owed to it by Concentrates, owned entirely, as aforesaid, by plaintiff. Shaffer and Lorch had an interest by reason of their desire to expand their business operations. The contract entered into provided, in brief, for the sale of all of the stock of Concentrates and Service Frozen Foods, Inc. to Shaffer in return for $25,000 in cash to be paid to a firm controlled by the plaintiff and 500 shares of four percent preferred stock of Concentrates, having $100 par value, redeemable by Smith in units of $10,000 each annually, commencing in 1960, totaling $50,000.

Count I of the amended complaint directed to Shaffer and American alleges in substance that plaintiff was induced falsely and fraudulently to sell the stock because of "representations and assurances" which Smith claims were later disavowed. Smith says in effect that Geier, on behalf of American, and others, on behalf of Shaffer, made false representations to him and induced him to enter into this agreement and that in effect a conspiracy existed between them which caused him to enter a contract to his detriment and further, in the additional counts, that after the contract was entered into, Shaffer failed to live up to the terms thereof and through its negligence caused Smith to lose that which he would have obtained had Shaffer acted in good faith.

■ Extensive discovery has taken place. We have examined it carefully from the standpoint of both the arguments and brief of plaintiff and of defendants, taking into consideration the number of ambiguous and contrary statements made by witnesses for both sides. We hold, that, notwithstanding the legal questions to be discussed, there are in this case many questions of fact to be determined by a jury and this is particularly obvious when we note that both plaintiff and defendants themselves place different interpretations and conclusions on the statements of the various deponents.

■■ We first consider the motion of American for judgment on the pleadings. They have vigorously argued to us that Count I fails to state a cause of action against them on which the plaintiff can recover as a matter of law. They have argued that the law of Florida prevails in this case, in which they may be correct on the ultimate trial of the issues. However, as to the adequacy of the plead-

ings, we conclude that that issue is determined by the Fed.Rules of Civ.Proc., rule 1 et seq., 28 U.S.C. Continental Collieries, Inc. v. Shober, 3 Cir., 1942, 130 F.2d 631; Restatement, Conflict of Laws, § 585; and our interpretation of Arfons v. E. I. duPont De Nemours & Company, 2 Cir., 1958, 261 F.2d 434, does not disagree with this conclusion. The Fed. Rules of Civ.Proc. require only that the pleading puts the defendant on notice of the claim to be proved.

■ As stated, American has also moved for summary judgment on Count I. Here again American relies on the law of Florida and cites Potakar v. Hurtak, Fla.1955, 82 So.2d 502. Defendant argues that to make out a case of fraud under Florida law the plaintiff must show, among other things, that the person making the representation knew or should have known that it was false at the time he had made it and that there was justification in relying on his own part, on the statement. Their argument in effect states that from the depositions of plaintiff they cannot prove that that standard has been met. We find it unnecessary in disposing of this summary judgment to rule on whether New York law, Florida law or Federal law applies. It is our opinion that the depositions of Smith taken in connection with all the other factors in this case leave open to question certain facts which would preclude the entry of summary judgment, regardless of the forum. The law is clear that:

> "Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." Sartor v. Arkansas Natural Gas Corp. (1944) 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967, rehearing denied 1944, 322 U.S. 767, 64 S.Ct. 941, 88 L.Ed. 1593.

We do not think it would serve any useful purpose to reiterate or analyze the multitude of questions and answers involved in the depositions. But we have examined them carefully as well as the particular portions on which the parties rely and, therefore, conclude that in an action based on fraud and deceit in which misrepresentations are alleged and where justification may be an issue, there are genuine issues of fact concerning which we would have no authority to deny the plaintiff his right to a trial before a fact finding tribunal.

■ In respect to Shaffer, our conclusions are the same as those recited above. In fact, we find the position of Shaffer in support of its motion for summary judgment on the three counts to be even weaker than that of American. It is not for us to determine whether or not the representations were made as alleged or whether, if it be material, there was justification for reliance on such representations. As we indicated above, the only issue for us to determine is whether or not there are genuine issues of fact involved which, if proven, would substantiate the allegations in the complaint.

■ In addition to similar arguments propounded by American, Shaffer raises other questions of law as to Counts II and III. Count II in substance alleges a breach of the contract by Shaffer and Count III alleges negligence and wrongful acts on the part of Shaffer as a majority shareholder of Concentrates subsequent to the execution of the contract. As to Count II, it is clearly covered, in our opinion, by the Restatement of Contracts, § 315. Furthermore, they are not derivative actions, as argued, and the plaintiff is not limited to seek relief as such, since the causes of action set forth are not predicated on the relationship of shareholder and corporation but are based on the original contract itself.

Vierling, Appellant, v. Baxter, et al., 1928, 293 Pa. 52, 55, 141 A. 728. Shaffer further complains that Counts II and III are identical on the theory apparently that if there was a breach of an implied promise or breach of contract that a further cause of action based on negligent conduct is duplicitous and redundant. We are somewhat persuaded by this argument. However, the motion before us is one for summary judgment and the issue as to whether plaintiff can recover on both Counts II and III or either, is one for the trial court rather than to be determined on this motion. At the risk of being repetitious, we again state that as to the claim of a breach of an implied promise or contract under Count II and the allegation of negligence or wrongful acts under Count III, both involve genuine issues of fact to be determined by the trial court. We are unable to determine that in the posture of this case we can compel the plaintiff to choose his remedy where the Fed.Rules of Civ. Proc. have been complied with in respect to notice of pleading and where factual questions are presented. In this regard, see Coffman v. Federal Laboratories, Inc., 3 Cir., 1948, 171 F.2d 94. Therefore, we enter the following order:

### Order

And now, to wit, this 15 day of August, 1961, it is hereby ordered that:

1. The motion of defendant American Can Company for judgment on the pleadings is denied.

2. The motion of American Can Company for summary judgment on Count I is denied.

3. The motion of Shaffer Stores Company for summary judgment on Count I is denied.

4. The motion of Shaffer Stores Company for summary judgment on Count II is denied.

5. The motion of Shaffer Stores Company for summary judgment on Count III is denied.