## Skeel's Estate.

*Executors and administrators—Distribution—Mistake—Statute of limitations.*

Where a testator dies in 1892, leaving a will making a certain provision for his widow, and his executors, under a construction of the will asserted by the widow, make payments to the widow between 1892 and 1898, and these payments are not questioned by the residuary legatee until after the death of the widow in 1906, the residuary legatee cannot reclaim such payments from the widow's administrator. The widow having received them under a claim of right, did not receive them as a trust fund, and the relation therefore between her and the residuary legatee was one of debtor and creditor. The claim was consequently barred by the statute.

Argued April 26, 1910. Appeal, No. 335, Jan. T., 1909, by Walter J. Skeels, from decree of O. C. Erie Co., Nov. Term, 1907, No. 31, dismissing exceptions to auditor's report in Estate of Esther A. Skeels. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to report of Alfred B. Osborne, Esq., auditor. Before PRATHER, P. J., specially presiding.

The opinion of the Supreme Court states the case.

*Error assigned* was "in determining that the statute of limitations is a bar to the right of the claimant to recover in this case."

*C. W. Tyler,* with him *W. S. Smith,* for appellant, cited as to the statute of limitations: Roller v. Meredith, 4 Pa. Superior Ct. 461; Com. v. Moltz, 10 Pa. 527; Patterson v. Nichol, 6 Watts, 379; Doebler v. Snavely, 5 Watts, 225; Logan v. Richardson, 1 Pa. 372; Dillebaugh's Est., 4 Watts, 177; Stough's Est., 196 Pa. 358.

*U. P. Rossiter,* of *Thompson, Rossiter & Thompson,* for appellee, cited, Hostetter v. Hollinger, 117 Pa. 606; Dorrance v. Ryon, 35 Pa. Superior Ct. 180.

PER CURIAM, May 24, 1910:

J. S. Skeels died in 1892, possessed of real and personal estate, and by his will he gave to his wife, "in addition to her rights of dower" a small pecuniary legacy in payment of which she accepted personal property appraised at $50.00. The appellant, who was then nineteen years of age, was named in the will as the residuary legatee. The executor under the advice of counsel, and in the belief that by the words "rights of dower" the testator intended to bequeath to his wife the same interest in his personal estate that she was entitled to under the intestate law, paid to her one-half thereof, and to the appellant the other half. These payments were made between 1892 and 1898. In the latter year, the executor filed his final account to which was appended a distribution account. The correctness of the payment was not questioned until after the death of the testator's widow in 1906, when a claim was made to recover from the administrator of her estate, the alleged illegal payment.

The auditor reported, (1) That the payment by the executor of the will of J. S. Skeels, to his widow, of one-half of the personal estate was a mistake honestly made, and (2) that any claim against the estate of his widow was barred by the statute of limitations. The latter finding, approved by the orphans' court, was assigned as error.

The basis of the argument for the appellant is that the

money received by the widow of J. S. Skeels was a trust fund in her hands, and that the statute of limitations was not a bar to its recovery from her. But it was not a trust fund as far as she was concerned. She received it under claim of right as her own, and held it as such, and any claim against her with respect to it, was on the same footing as regards the statute as an ordinary debt.

The order of the court dismissing exceptions and confirming the auditor's report is affirmed.