## Schock Independent Oil Company's Appeal.

Argued May 23, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Harris C. Arnold*, with him *John A. Coyle*, for appellant.

*F. Lyman Windolph,* of *Windolph & Mueller* and *Charles L. Miller,* for appellees, were not heard.

PER CURIAM, June 30, 1934:

This appeal by the Schock Independent Oil Company is from a decree of the Court of Common Pleas of Lancaster County refusing to allow appellant to set off a deposit in the Lancaster Trust Company, now in the hands of the secretary of banking, against a note held by the bank on which appellant company was indorser. From the agreed statement of facts it appears the Lancaster Trust Company, a Pennsylvania corporation doing business in the City of Lancaster, closed its doors on January 11, 1932, and on the following day was taken over by the secretary of banking, who subsequently determined to liquidate the company in the manner provided by law. On January 12, 1932, there was on deposit in a checking account in the Lancaster Trust Company in the name of Schock Independent Oil Company the sum of $35,606.27. At that time the bank was the holder of a note in the amount of $40,000, made by Crane Hook Oil Storage Company, a subsidiary of the Schock Company, and endorsed by the latter company and by Clarence Schock, president and general manager. By adjustments or payments not here involved, the amount of the note was thereafter reduced to the exact amount of the deposit above mentioned. The claim of the Schock Company to have the deposit set off against its liability on the note was refused by the secretary of banking, whose action in this regard was later confirmed by the court of common pleas in dismissing exceptions to the receiver's account and disallowing the set-off.

The court below found as a fact that the Crane Hook Oil Storage Company, maker of the note, is solvent and refused the set-off on the theory that, "to allow the endorsers of the note......to set off their deposit, when the maker of the note is solvent and able to indemnify the endorsers, would enable the endorsers to collect the

full amount unpaid on the note from the maker, and at the same time receive a larger amount of their deposit than other depositors." Neither the briefs of counsel nor our own research disclose any Pennsylvania authorities directly in point on this question, but cases from other jurisdictions support the view of the lower court. "While there is authority for the proposition that, where the receiver seeks to enforce the liability of an endorser, the endorser has the right to set off a deposit balance, whether the one primarily liable on the instrument be solvent or not (Curtis v. Davidson, 215 N. Y. 395), the general rule is that such right of offset does not exist if the principal debtor is solvent. [Citing cases]......
But there can be no question that, where the depositor proceeds in equity against the receiver to have his deposit balance set off against liability on notes upon which he is merely an endorser, the burden is upon him to show 'that equitably such relief may be given him by showing that he will have no recourse against the maker of the note.' 7 C. J. 747; Curtis v. Davidson, supra": Bryant v. Williams, 16 F. (2d) 159, 162. See also Bank of the United States v. Braveman, 259 N. Y. 65, and cases cited therein.

The decree is affirmed at the cost of appellant.