## No. 90 Building and Loan Association, Appellant, v. Allesandroni et al.

Argued December 5, 1934. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Geo. M. Henry,* for appellant.

*John J. Gain,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, January 7, 1935:

Plaintiff is mortgagee in a mortgage for $14,000 made to it by Southern Title and Trust Company on December 2, 1926. In 1927 the State Banking Department took possession of the Trust Company and proceeded to liquidate it. In the process of winding up its affairs the mortgaged property, which was covered also by a prior mortgage, was sold under court order and realized $11,000 above both liens. As a result of the conversion of the company's assets, sufficient was realized to pay in full all creditors who had proved their claims and a sum in excess of $8,000 was distributed to the stockholders of the company who had paid their stock subscriptions.

Plaintiff foreclosed its mortgage in 1933, six years after distribution was made of the fund realized from the assets of the Trust Company, and after it was dissolved, and bought in the property for the sum of $50. It obtained a deficiency judgment for $14,700, to collect which it brought this bill against the stockholders of the company, to recover from those who had paid their stock subscriptions in full, the amounts they had received in distribution of the Trust Company's assets, and, from those who had not paid their subscriptions in full, the balance due thereon. The court below dismissed the bill for the reason that the Act of Assembly of June 15, 1923, P. L. 809, as amended by the Act of May 5, 1927, P. L. 762, 7 P. S., section 1 et seq., providing for the liquidation of banks by the State Banking Department, furnishes a complete and exclusive remedy for creditors and the claim of

plaintiff, not being proved in that proceeding, was barred by the decree of distribution therein entered on the final account. From this order of dismissal plaintiff appeals.

We are not here confronted with the situation where a party who has a claim against a liquidated trust company, for some reason does not present the claim at the audit of the Banking Secretary's account, if that would make a difference in the subsequent assertion of the claim, which we think it would not. The claim now asserted was before the court, as its decree of distribution on the final account of the Secretary of Banking discloses, in which the following appears: "The contingent claim of the No. 90 Building and Loan Association is not allowed because it was not proved."

Appellant's claim was primarily against the Trust Company. Not having made proof of it when and where the claim should have been asserted, it cannot now successfully set it up against others because the proceeding in liquidation of the Trust Company was the complete and only one in which the claim could be made. The Act of 1927 provides (section 47, page 771) : "The confirmation of a final account and distribution thereunder, after the objections thereto, if any, have been adjudicated as hereinafter provided, shall be conclusive; and shall work and effect a discharge of the secretary and all deputies or their sureties, from all liability in the matter." This does not mean as appellant contends, conclusive only as to the officials named, but conclusive as to every one.

The Banking Acts heretofore cited present a complete system for the winding up of banking institutions and those having claims must establish them in the way provided by those statutes; failing to do so they are barred: Cameron v. Carnegie Trust Co., 292 Pa. 114; South Phila. State Bank v. National Surety Co., 288 Pa. 300.

The decree is affirmed at appellant's cost.