## Royersford Trust Company's Case (No. 1).

Argued January 21, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*B. R. Stewart* and *W. J. Moran, Jr.,* of *Kratz, Hillegass & Moran,* for appellants.

*Joseph Knox Fornance, Aaron S. Swartz, Jr., Shippen Lewis,* Special Deputy Attorney General, and *William A. Schnader,* Attorney General, for appellee, were not heard.

PER CURIAM, March 25, 1935:

These appeals are from two decrees of the Court of Common Pleas of Montgomery County. The first decree dismissed appellants' petition for a preference in the distribution of moneys recovered by the receiver upon a fidelity bond; a subsequent decree refused to permit appellants to file exceptions nunc pro tunc to the receiver's account.

Appellants were beneficiaries of trust funds of which the Royersford Trust Company was trustee. Prior to the closing of that institution, officers of the company had misappropriated practically the entire funds; when the bank was taken over by the secretary of banking, no securities were found among the assets earmarked to these trusts, and no records were found which would show that the funds claimed were received or administered. The receiver subsequently recovered a substantial sum upon an indemnity bond which had been taken out by the trust company. Appellants' petition for a preference was filed on February 23, 1934. The receiver did not account for the funds realized upon the bond until he filed his second and partial account on April 7, 1934. Appellants presented a second petition on May 21, 1934, in which they asked leave to file exceptions nunc pro tunc, the statutory thirty-day period having expired. They were unsuccessful in both petitions.

It is apparent that the first petition was premature. At the time the petition was filed the receiver had rendered no accounting of the proceeds of the bond. It is true that the funds had already been recovered from the bonding company, but the money was not before the court. The legislature has provided a comprehensive scheme for the liquidation of closed banks. It contemplates the filing of accounts, to which exceptions may be taken, and the orderly disposition of the same. To permit irregular proceedings would seriously impede the progressive administration of the estate.

Appellants' second petition impliedly assumes that the proceeds of the bond were impressed with a trust for the benefit of the cestuis que trustent. It is said that the notice received by appellants of the filing of the account was inadequate in that it did not specify that the trust funds were listed therein. To such specific notice, appellants were not entitled. The bond to the Royersford Trust Company indemnified it "against the direct loss . . . of any money or securities . . . in which the insured has a pecuniary interest, or held by the insured as collateral, or as bailee, trustee or agent." This bond was taken for the company's own protection. It is therein named in its individual capacity. The conclusion is inevitable that the legal effect of the bond was to indemnify the company against loss caused by the dishonesty of its officers and employees. It results that the proceeds of the bond are part of the general assets of the trust company. Appellants are merely general creditors. Since this is the case, appellants were required to file their exceptions within thirty days, in accordance with the Department of Banking Code of May 15, 1933, P. L. 565, section 1008. This they did not do.

The decrees are affirmed at appellants' costs.