## Stopp's Estate.

Argued March 13, 1936.

Before Keller, P. J., Cunningham, Baldrige, Parker and Rhodes, JJ.

*Wilson A. Wert,* of *Snyder, Wert & Wilcox,* with him *Daniel R. Rothermel,* for appellant.

*Robert E. Haas,* with him *Charles J. Margiotti,* Attorney General, *Gerald F. Flood,* Special Deputy Attorney General and *John H. Diefenderfer,* for appellee.

OPINION BY RHODES, J., April 24, 1936:

The appellant was bequeathed the sum of $1,000 by her uncle; and his will provided that the Allentown Trust Company was to be the trustee, and pay the said sum to the appellant when she attained the age of 30 years. The trust company was likewise designated as trustee of the testator's residuary estate, part of which was to be paid to the appellant when she reached the age of 40 years.

The trust company, on August 23, 1928, filed its first and partial account, which showed that the funds held in trust for the appellant were invested in certain specific mortgages. Some time after December 27, 1928, these mortgages were sold by the trustee to a general trust participation mortgage fund, and a mortgage participation certificate was issued to the trust company, as trustee for the appellant, for the amount so invested. The appellant became of age on August 6, 1928. On April 28, 1932, she petitioned the orphans' court of Lehigh county to have the trust terminated and the funds in the hands of the trustee paid over to her.

The court found that, under the terms of the will, no express duties were imposed upon the trustee or discretion vested in it; that, all parties interested being in existence and sui juris, the trust should be terminated. On August 10, 1932, the court entered a decree, directing the trust company to pay to the appellant the sum of $2,868.67, less commissions and an attorney fee. However, on June 17, 1932, the secretary of banking had taken possession of the trust company.

An account was filed in the orphans' court of Lehigh county, for the secretary of banking, in the liquidation of the trust company, trustee for the appellant. This account showed a balance of $2,614.16, of which $2,580.15 was represented by a mortgage participation certificate, and $34.01 by income on hand. Eight hundred dollars of the amount represented by the mortgage participation certificate had been assigned by the appellant. The appellant filed exceptions to this account. The exceptions set forth that the trust became a dry trust when appellant attained her majority on August 6, 1928; that it was then the duty of the trust company to pay over the fund to the appellant, as of that date; that, the fund having been invested in specific mortgages, the appellant was entitled to be paid in cash from the participation mortgage fund for the entire amount of the investment. The court below held that it had no jurisdiction to order a return of the trust funds in cash from the assets of the mortgage pool, which trust funds were mingled with other trust funds in the mortgage pool; but that such question, under section 40 (d) of the Act of June 15, 1923, P. L. 809, 7 PS §40 (d) (repealed and reenacted, in substance, in the Act of May 15, 1933, P. L. 565, art. 8, §803, 71 PS §733-803), would have to be raised at the audit of the account of the secretary of banking, who was in possession of the trust company, in the court of common pleas, which was the court having jurisdiction of the liquidation proceedings. The court awarded to the appellant the mortgage participation certificate in the amount of $2,580.15, and the balance of income on hand in the amount of $34.01, subject to an assignment executed by her in the amount of $800, without prejudice to her right to raise the question of priority of payment out of the mortgage pool fund upon the audit of the account of the secretary of banking in the court of common pleas. The appellant filed exceptions to the adjudica-

tion, which were dismissed. She appealed to this court.

The appellant contends that, the trustee having retained and invested her funds in a mortgage pool after the appellant became 21 years of age, although previous to filing her petition to terminate the trust, its action was illegal; that she was entitled to a preference by payment in cash from the mortgage pool fund; and that the orphans' court has jurisdiction to authorize such preferential payment.

The trust company was duly appointed testamentary trustee of the appellant; and the trust had not been terminated by decree of the orphans' court at the time the trust company was taken over by the secretary of banking, as insolvent. The appellant raised no question as to the correctness of the amount shown to be due her in the account, and there was no surcharge against the trustee. It is not alleged that the investment of the trust funds in the mortgage pool was not a legal investment. This investment was made by the trustee before there was any application to terminate the trust. Moreover, the appellant does not show that any specific assets of the appellant, alleged to have been unlawfully transferred, were capable of identification. The appellant is one of many whose funds were invested and mingled in the mortgage pool and represented by mortgage participation certificates. Priority of payment to the appellant is for determination on the audit of the account of the secretary of banking in the court of common pleas.

The Act of June 15, 1923, P. L. 809, as amended by the Act of May 5, 1927, P. L. 762, presented a complete system for the winding up of banking institutions and for the establishment of claims. No. 90 Building and Loan Association v. Allesandroni et al., 317 Pa. 30, 176 A. 235. The Acts of June 15, 1923, P. L. 809, and May 5, 1927, P. L. 762, were repealed by the Act of May 15, 1933, P. L. 565, §1202 (71 PS §733—1202). The De-

partment of Banking Code of May 15, 1933, P. L. 565 (71 PS §733—1 et seq.), now provides a comprehensive scheme for the liquidation of closed banks. Royersford Trust Company Case (No. 1), 318 Pa. 81, 178 A. 26. By section 40 (d) of the Act of June 15, 1923, P. L. 809 (7 PS §40 (d), and by section 803, art. 8, of the Act of May 15, 1933, P. L. 565 (71 PS §733—803), the court of common pleas was given exclusive jurisdiction of such a question as is involved in this case. When the account of the secretary of banking is before the court of common pleas, the appellant may except, if she finds it necessary to do so, and raise the question of her right to a priority of payment of the full amount of her investment in the mortgage pool.

The decree of the court below is affirmed; costs to be paid by the appellant.