## Schwinn v. Gordon

*I. Emanuel Sauder,* for plaintiff.
*H. Sundheim,* for defendant.

SMITH, P. J., March 14, 1938.—Plaintiff filed his statement of claim alleging that on April 27, 1929, he was a shareholder in the Alto Building & Loan Association, and on that date Peter G. Cameron, defendant's predecessor, as Secretary of Banking, took possession of the business and property of the said association, and on July 2, 1929, notified plaintiff by letter that according to the books of the association the amount due plaintiff was

$890, calling plaintiff's attention to The Banking Act of June 15, 1923, P. L. 809, and stating that unless within four months plaintiff proved that a different amount was due him, the amount on the books of the association would be taken as conclusive of the amount of his claim against the said association; that, the $890 set forth in the notice coinciding with the amount in plaintiff's passbook, plaintiff made no contrary proof; that subsequently defendant became Secretary of Banking as successor to Peter G. Cameron and took possession of the assets of the said association; that on February 18, 1932, defendant filed his first and partial account of the said association, objected to and did not allow plaintiff's claim and did not notify plaintiff of his objection to plaintiff's claim and that the said first and partial account was confirmed by the court on September 7, 1932, and plaintiff's claim thereunder was disallowed unknown to plaintiff; that on November 2, 1932, a schedule of distribution was filed by defendant and approved by the court, and a dividend of 26.17 percent was paid to the shareholders of the said association, but that plaintiff did not know that the schedule of distribution did not include payment of his claim and did not receive his dividend. Plaintiff also avers that on November 14, 1934, defendant filed his second and final account of the said association without plaintiff's knowledge, and defendant again failed to allow plaintiff's claim therein and failed to notify plaintiff of the filing of the said final account or of the disallowance of his claim; that on February 9, 1935, unknown to plaintiff, the said final account was confirmed by the court, and on March 11, 1935, without plaintiff's knowledge, a second schedule of distribution was filed by defendant and approved by the court, and an additional and final dividend of 8.75 percent was paid, but that said second schedule of distribution did not include plaintiff's claim nor was he paid therefor.

Plaintiff avers that his claim was conclusively *proved* when he did not reply to the written notice of July 2, 1929,

the amount in his passbook corresponding with the amount as shown to be on the books of the association according to the notice; that it was the duty of defendant to allow plaintiff's claim in his first and partial account, but that defendant illegally objected to and disallowed plaintiff's claim and negligently failed to notify him of objection thereto or disallowance thereof; that defendant in violation of his duty illegally failed to allow or list plaintiff's claim in the second and final account and failed to notify him of the filing thereof or the disallowance of his claim; that as a result of defendant's failure and in violation of his duty, plaintiff was not paid either dividend which was declared and paid on the approved claims in the said association.

Defendant filed an affidavit of defense raising questions of law, averring that plaintiff failed to set forth a good action; that the statement discloses that the final account of defendant was confirmed by the court, and in view thereof defendant is relieved of liability under The Banking Act of 1923, supra, and the Department of Banking Code of May 15, 1933, P. L. 565; that plaintiff failed to aver in what respect defendant failed to comply with the statutes; that plaintiff had filed a petition on defendant in the court having jurisdiction of the building and loan association concerned, to show cause why the amount now claimed should not be paid, alleging the same facts as are in this statement of claim and that said petition was discharged.

Taking defendant's last defense first, that of res judicata, there is nothing in the statement of claim concerning this petition which was discharged, and therefore the defense of res judicata cannot be considered in the affidavit of defense raising questions of law. As was said by Gawthrop, J., in Jackson v. The State Mutual Benefit Society, 95 Pa. Superior Ct. 56, 61:

"Where an affidavit of defense raises questions of law, it is but a statutory demurrer, upon the hearing of which the only point to be decided is whether or not, on the facts

averred in the statement, it clearly appears as a question of law that plaintiff is not entitled to recover; and any demurrer, not founded upon the averments of the statement, is a speaking demurrer, which from the earliest days has been held to be bad".

In Vondersmith v. Urban, 108 Pa. Superior Ct. 103, the court held that where the fact and the tender of the prior suit between the same parties does not appear from the statement of claim, judicial notice cannot be taken of it, for the purpose of entering summary judgment, even though it was in the same court. We shall, therefore, disregard entirely the defense of res judicata in our determination of this case.

The issue really narrows down to the questions: Was the plaintiff entitled to believe that his claim for $890 had been conclusively *proved* so as to obviate any further action on his part, when he received a notice from the Secretary of Banking that the amount shown on the books of the association to be due him was in that sum; and having sent the notice, was the Secretary of Banking compelled to send special notice to plaintiff that he was objecting to plaintiff's claim in his first account? If plaintiff's claim was not conclusively *proved* and if the Secretary of Banking was not compelled to send plaintiff special notice that his claim was objected to, upon the confirmation of the first account and schedule of distribution (plaintiff's claim therein having been objected to by the secretary and not proved by plaintiff and the claim accordingly dismissed) there would be no duty on the Secretary of Banking to send plaintiff any further notice or include his claim in any subsequent account or schedule of distribution.

Section 41 of The Banking Act, which was in force at the time Peter G. Cameron, defendant's predecessor in office, sent plaintiff written notice on July 2, 1929, about his claim, provides that the Secretary of Banking shall give written or printed notice to depositors to produce their passbooks for settlement, stating in such notice the

amount which the books of the corporation show to be due the depositor and notifying the depositor that unless a settlement of the passbook shows a different amount to be due, "or unless a depositor shall, within four months from the date of such notice, make proof, in the matter hereinafter set forth, that the amount due him differs from the amount as shown by the books of the corporation . . . *the amount last mentioned will be conclusive as to the amount of the claim of such depositor.*" [Italics supplied.] The written notice sent by the Secretary of Banking on July 2, 1929, to plaintiff, was in the wording of this act of assembly and stated:

"Unless a settlement of the deposit or pass book shall show a different amount to be due you, or unless you shall within four (4) months from the date of this notice make proof in the manner and form as set forth under the said act of assembly that the amount due you differs from the amount as shown on the books of the association, *the amount as shown on the books of the association will be conclusive as to the amount of your claim* against the said Alto Building and Loan Association." [Italics supplied.]

This notice does not say or mean, as plaintiff contends, that, unless plaintiff made contrary proof, his claim was *conclusively proved.* This section means what it says, that if the depositor did not advise and make proof to the secretary that he was entitled to a greater (or lesser) amount, the amount on the books of the association would be taken as the amount of his claim. After a study of the affairs of the association, the secretary might conclude that a particular claim should not be allowed at all. If he did so conclude, the secretary would object to such claim and include such claim in his account in the "list of the claims which have been objected to or are disputed". When the secretary is ready to file his account, he does so in accordance with section 45 of The Banking Act of 1923, supra.

Subsequent to said notice of July 2, 1929, the present defendant became Secretary of Banking and as such filed

his first account of the said association with the court on February 18, 1932, and, as plaintiff avers, in said account objected to plaintiff's claim and did not notify him (plaintiff) of said objection and disallowance of his claim. Section 45 of The Banking Act of 1923, as amended by the Act of May 28, 1931, P. L. 193, sec. 6 (which provided that in the liquidation of building and loan associations where the word "creditor" is used, it shall mean shareholders and/or creditors), provides, inter alia, that at the expiration of the four months fixed by the notice and advertisement for the presentation of claims, the Secretary of Banking may file an account consisting of a statement of receipts and expenditures, together with a list of claims objected to or disputed, showing, as to all claimants, the names, addresses, and amounts; and that the secretary shall give written or printed notice to all depositors known to him of such filing (of his account) and that unless objections shall be filed within 30 days from the date thereof, the same will be confirmed absolutely; and that he shall also advertise such notice in two newspapers once a week for four successive weeks. Plaintiff's statement of claim does not aver that he did not receive notice of the filing of such account, nor that the secretary was derelict in his duty of advertising. Plaintiff, however, avers that the secretary failed to notify him of his objection to, and disallowance of, plaintiff's claim. The act defines the secretary's duties and there is no duty under the act on the secretary to advise plaintiff that his claim was objected to or disallowed. Plaintiff does not attack the filing of the secretary's account, and, therefore, it must be taken as true that the secretary's account included "a list of the claims which have been objected to or are disputed, showing, as to all claimants, the names, addresses, and amounts," and including therein plaintiff's claim. Neither does plaintiff deny receiving notice from the secretary that the account would be filed, nor does he deny the advertising thereof. It was the duty of the secretary to conserve the assets of the association in his charge,

and accordingly to object to any claim which he did not believe was proper. It thereupon became plaintiff's duty to examine the account of the secretary on file with the court to ascertain, after receiving notice of its filing, whether or not his claim was among those objected to or approved, and if objected to, to take exception thereto within 30 days of the filing of the account. Plaintiff, however, did nothing at all and now, eight years after receiving notice and two years after the confirmation of the final account and distribution thereunder, plaintiff seeks to recover from defendant personally. Defendant did all that he was required to do under the acts of assembly and was discharged when his final account was confirmed and distribution made under section 47 of The Banking Act of 1923, supra, as amended by the Act of May 5, 1927, P. L. 762, sec. 21, which provided for the discharge of the Secretary of Banking, and was repealed by the Department of Banking Code of 1933, supra, sec. 1010 (*b*), which provides:

"The confirmation of the final account and distribution thereunder shall discharge the secretary, the deputy receiver, any other employe, and the legal counsel, as well as the surety for any of them, from all further civil liability for any act done in his official capacity as receiver, deputy receiver, employe, or legal counsel of the institution."

This language is similar to that of section 47 of the Act of 1927 supra, considered in No. 90 B. & L. Assn. v. Allesandroni et al., 317 Pa. 30, which was a case where plaintiff was mortgagee in a mortgage given by the Southern Title & Trust Company. Plaintiff there foreclosed its mortgage in 1933, six years after distribution was made of the fund realized from the assets of the trust company and after it was dissolved, and attempted to collect a deficiency judgment on said mortgage from the stockholders of the company. Mr. Justice Schaffer, on pages 31-32, said:

"The court below dismissed the bill for the reason that the Act of Assembly of June 15, 1923, P. L. 809, as amended by the Act of May 5, 1927, P. L. 762, 7 P. S., section 1 et seq., providing for the liquidation of banks by the State Banking Department, furnishes a complete and exclusive remedy for creditors and the claim of plaintiff, not being proved in that proceeding, was barred by the decree of distribution therein entered on the final account. . . .

"We are not here confronted with the situation where a party who has a claim against a liquidated trust company, for some reason does not present the claim at the audit of the Banking Secretary's account, if that would make a difference in the subsequent assertion of the claim, which we think it would not. The claim now asserted was before the court, as its decree of distribution on the final account of the Secretary of Banking discloses. . . .

"Appellant's claim was primarily against the Trust Company. Not having made proof of it when and where the claim should have been asserted, it cannot now successfully set it up against others because the proceeding in liquidation of the Trust Company was the complete and only one in which the claim could be made. The Act of 1927 provides (section 47, page 771) : 'The confirmation of a final account and distribution thereunder, after the objections thereto, if any, have been adjudicated as hereinafter provided, shall be conclusive; and shall work and effect a discharge of the secretary and all deputies or their sureties, from all liability in the matter.' This does not mean as appellant contends, conclusive only as to the officials named, but conclusive as to every one.

"The Banking Acts heretofore cited present a complete system for the winding up of banking institutions and those having claims must establish them in the way provided by those statutes; failing to do so they are barred: Cameron v. Carnegie Trust Co., 292 Pa. 114; South Phila. State Bank v. National Surety Co., 288 Pa. 300.

"The decree is affirmed at appellant's cost."

*Decree*

And now, to wit, March 14, 1938, the affidavit of defense raising questions of law is sustained.