## Colson Stores Company's Appeal.

Argued October 21, 1938.

Before

Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker and Rhodes, JJ.

Joseph A. Keough, with him Levi, Mandel & Miller, for appellant.

Bernard J. Kelley, with him Horace M. Barba, Special Deputy Attorneys General, and Guy K. Bard, Attorney General, for appellee.

Opinion by Baldrige, J., January 31, 1939:

This appeal is from the dismissal of exceptions filed to the account of the Secretary of Banking in possession of the business and property of the Parkway Trust Company, hereinafter referred to as the trust company.

On September 1, 1931, the Secretary of Banking took over the trust company, at which time Colson Stores Company, appellant, had on deposit therein the sum of $3,036.66. The trust company was then a holder of four trade acceptances not yet matured, totalling $18,300.76, on which appellant was endorser. The Secretary of Banking, through a special deputy, to facilitate the payments of the trade certificates, agreed to apply as a credit thereto, $2,036.66 of its deposit of $3,036.66 as advance payments of dividends, and so listed this allowance in his first and partial account as receiver of the trust company, filed September 1, 1932.

On May 19, 1933, the appellant filed a petition, alleg-

ing that the Secretary of Banking had paid to other depositors dividends amounting to 57½ per cent, and prayed for an order on him to pay dividends equal thereto on its deposit balance of $1,000. An answer was filed, depositions were taken, and the petition was dismissed by order of the court on July 5, 1933, to which no appeal was taken. A fourth and partial account of the Secretary of Banking, as receiver, was filed on December 5, 1937. Appellant filed exceptions to the status of its deposit balance as listed in the first and partial account. On motion of the appellee, the exceptions were dismissed. This appeal followed.

The appellant's contention is that the arrangement made with the special deputy was that the sum of $2,036.66 was to be applied as a set-off to its liability as an endorser of the trade acceptances as the makers thereof were insolvent. See *Schock Independent Oil Co.'s Appeal,* 316 Pa. 59, 173 A. 274. The appellee's contention on the other hand is that it was to be applied as anticipated dividends and not as a set-off, and that it is now too late to raise any objections to the status given appellant's claim as that should have been done by filing exceptions to the first and partial account.

When the first and partial account was filed, the appropriate statute was the Act of June 15, 1923, P. L. 809, as amended May 5, 1927, P. L. 762 (7 PS §1 et seq.), which provides a complete system for the winding up of banking institutions, and those having claims must establish them in the way pointed out therein; failing to do so, they are barred: *No. 90 B. & L. Assn. v. Allesandroni et al.,* 317 Pa. 30, 32, 176 A. 235; *Royersford Trust Co.'s Case* (No. 1), 318 Pa. 81, 178 A. 26. Under section 45 (7 PS §45), upon the filing of an account, written or printed notice shall be given to all depositors and other known creditors, and, unless objections shall be filed within thirty days, the account shall be confirmed absolutely. Section 46 (7 PS §46) provides: "In case objections or exceptions are filed to any

claim or claims, the account shall be confirmed absolutely as to those claims against which no objections or exceptions have been filed ...... "

The appellant, therefore, had until October 1, 1932, to file exceptions to the first and partial account, in which the status of its claim was set forth in detail. A dividend thereon was duly awarded and applied to the liquidation of the prepaid dividend. Instead of taking action within the statutory period, appellant waited about five years, and until after the fourth account was filed, to except to the adjudication of its claim. Appellant's claim is different from one not listed and not adjudicated. The penalty imposed upon a creditor in that situation is to deprive him of his share of the fund for distribution; but he is not barred from participating in subsequent distributions.

Section 47 of the Act of 1923, as amended (7 PS §47), meets such a situation, as it provides that the confirmation of a partial account is conclusive only as to the fund distributed, "and shall not prevent the proof and allowance, out of the fund involved in any subsequent account, of claims not presented in time for allowance out of such previous fund." But this section has no application to appellant's claim, which was presented and a dividend allowed, as we have already observed. The appellant is concluded thereby.

In the case of *In re County Trust Co. of Phila.*, 16 D. & C. 485, cited by appellant, the creditor failed to file his claim within the statutory period. It was not passed upon in the adjudication of the first and partial account, as appellant's claim was, and the court very properly held that it was barred from coming in on that fund, but the creditor was at liberty to file his claim so that he might participate in future funds for distribution.

As we construe the pertinent sections of "The Banking Act of 1923," as amended, the appellant is not entitled to have reviewed the adjudication of his claim made in January, 1933.

There was the further contention of the appellee that the court's dismissal of appellant's petition of May 19, 1933, for an order to pay dividends on its deposit was a final adjudication of the merits of this controversy, as appellant concedes in its argument that the court below had jurisdiction of the subject-matter and of the parties. It is unnecessary, however, to discuss that branch of the appeal as we are convinced the dismissal of appellant's exceptions was proper as being filed too late.

Order of the lower court is affirmed, at appellant's costs.