Schwinn, Appellant *v.* Gordon.

Argued October 27, 1938.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER and RHODES, JJ.

*I. Emanuel Sauder,* for appellant.

*Samuel D. Goodis,* with him *Herbert P. Sundheim,* of *Sundheim, Folz & Sundheim,* for appellee.

OPINION BY RHODES, J., January 31, 1939:

This is an action in trespass by a shareholder of a building and loan association against a former Secretary of Banking to recover damages alleged to have been suffered by plaintiff as the result of the unlawful and negligent performance by defendant of his official duties. Defendant filed an affidavit of defense raising questions of law to plaintiff's statement of claim, and from the order of the court below sustaining defendant's affidavit plaintiff has appealed.

In his statement of claim plaintiff averred that on and before April 27, 1929, he was a shareholder in the Alto Building and Loan Association; that on April 27, 1929, defendant's predecessor took possession of the business and property of said association for the purpose of liquidating its affairs; that on or about July 2, 1929, defendant's predecessor notified plaintiff by letter that the net amount due him as a shareholder, according to the books of the association, was $890,—a copy of said letter was attached to the statement of claim and made a part thereof, and is printed in the margin;[1] that because the amount set forth in the letter coincided with the amount shown by the pass book of plaintiff

---

[1] "Philadelphia, Pa.
"George Schwinn      "July 2, 1929.
"Lindley & Camac St.,
"Philadelphia, Pa.
"Dear Sir:
"NOTICE IS HEREBY GIVEN that on the 27th day of April 1929, Peter G. Cameron, Secretary of Banking of the Commonwealth of Pennsylvania, by virtue of the authority and power vested in him under the Act of Assembly No. 316, approved the

he made no contrary proof; that subsequently defendant became Secretary of Banking, and took possession of the assets and property of the said building and loan association; that on February 18, 1932, defendant filed his first and partial account in which he did not allow plaintiff's claim, and did not notify plaintiff of his objection to and disallowance of the latter's claim; that said account was, on September 7, 1932, duly confirmed by the court, and plaintiff's claim disallowed unknown to him; that on November 2, 1932, defendant filed a schedule of distribution, which was approved by the court, and a dividend of 26.17 per cent paid to shareholders of said association, but said schedule of distribution, unknown to him, did not include plaintiff's claim, and he did not receive his dividend amounting to $232.91; that on November 14, 1934, defendant filed his second and final account in which plaintiff's claim was not listed, and of which defendant failed to notify plaintiff; that said account was confirmed by the court on February 9, 1935, unknown to plaintiff; that on March 11, 1935, a second schedule of distribution was filed by defendant and approved by the court in which a final dividend of 8.75 per cent was ordered paid to the shareholders of said association, all without the knowledge of plaintiff; and that this schedule of distribution did not include the claim of plaintiff, and the latter did not receive his dividend of $77.92. Plaintiff further avers that it was the duty of defendant to allow his claim in the amount shown to be on the books of the association, according to the letter of July 2, 1929;

15th day of June, 1923, took possession of the business and property of the ALTO BUILDING AND LOAN ASSOCIATION of Philadelphia, and, having determined to liquidate the affairs of the said Association, hereby notifies you as a shareholder to present to him your pass-book for audit and reconciliation at the office of the Special Deputy as Agent in Charge, 1504 Locust Street, Philadelphia, Pa., without delay.

"The amount due you as a shareholder according to the books of the Association is $890.00, as follows:

that in violation of that duty defendant did not allow plaintiff's claim in his first and partial account, and unlawfully objected to and disallowed said claim, and negligently failed to notify him of objection thereto or disallowance thereof; that defendant, in violation of his duty, illegally failed to allow or list his claim in the second and final account, and failed to notify him of the filing thereof or the disallowance of his claim; that as a result of defendant's failure in violation of his duty plaintiff was not paid either dividend which was declared and paid on the approved claims in said association.

In his affidavit of defense raising questions of law defendant averred that plaintiff failed to set forth a good cause of action; that the statement disclosed that the

| | | |
|---|---|---|
| Total Accrued Stock | | $910.00 |
| Less Arrearages: | | |
| Dues | $20.00 | |
| Premiums | | |
| Fines | | 20.00 |
| Net paid in value, Book No. 16, 10 shares | | ———— |
| 1st series | | $890.00 |

"The Act of Assembly particularly provides that unless a settlement of the deposit or pass-book shall show a different amount to be due you, or unless you shall within four (4) months from the date of this notice make proof in the manner and form as set forth under the said Act of Assembly that the amount due you differs from the amount as shown on the books of the Association, the amount as shown on the books of the Association will be conclusive as to the amount of your claim against the said ALTO BUILDING AND LOAN ASSOCIATION.

"Very truly yours,
"Peter G. Cameron,
"Secretary of Banking
in possession of the
"ALTO BUILDING AND LOAN
ASSOCIATION.
"By William R. Smith,
"Albert S. C. Millar          "Special Deputy as Agent
"Special Counsel              "1504 Locust Street
"901-04 Liberty Trust Bldg.,          "Philadelphia, Pa.
"Philadelphia, Pa."

final account of defendant was confirmed by the court, and in view thereof defendant was relieved of liability under the Act of June 15, 1923, P. L. 809, and the Act of May 15, 1933, P. L. 565; that plaintiff failed to aver in what respect defendant had failed to comply with the statutes.

When defendant's predecessor took over the business and affairs of the association he did so under the Banking Act of June 15, 1923, P. L. 809, as amended, 7 PS §1 et seq.[2] That act provided a complete system for the liquidation of banking institutions, including building and loan associations (see *No. 90 Building & Loan Association v. Allesandroni et al.*, 317 Pa. 30, 176 A. 235), and the rights and duties of the parties were governed thereby.

The premise of plaintiff's argument is that his claim was "conclusively proved" by his acquiescence in the amount thereof as set forth in the first notice that he received, which was the letter of July 2, 1929, and he bases it upon that part of section 41 of the Banking Act, supra, 7 PS §41, which is as follows: "When the secretary shall have determined to liquidate the affairs of such corporation or person, he shall forthwith give written or printed notice to all depositors to produce to him their deposit or pass books for settlement, stating in such notice the amount which the books of the corporation or person show to be due to each depositor, subject to outstanding checks, and notifying such depositors that, unless a settlement of the deposit or pass books shall show a different amount to be due, or unless a depositor shall, within four months from the date of such notice, make proof, in the matter [manner] hereinafter set forth, that the amount due him differs from the amount as shown by the books of the corporation or person, the amount last mentioned will be con-

---

[2] See Act of May 15, 1933, P. L. 565, Art. XII, §1202, effective July 3, 1933.

clusive as to the amount of the claim of such depositor, subject, as aforesaid, to any outstanding checks."

We think that this section is not susceptible of the interpretation for which plaintiff contends. In our opinion it meant, as stated by the court below, "that if the depositor did not advise and make proof to the secretary that he was entitled to a greater (or lesser) amount, that the amount on the books of the association would be taken as the amount of his claim." In other words, the failure of plaintiff to take any action after receipt of the notice precluded him from asserting thereafter that a different amount was due him, but defendant was not in the same position. He could still allow or disallow the claim in whole or in part because the fixing of the amount of the claim did not establish its validity on the merits. Section 41, supra, requires the secretary to give such notice "forthwith" once he "shall have determined to liquidate the affairs of such corporation ......" He would scarcely be prepared at that time to pass upon the merits of shareholders' claims, aside from the face amount reflected by the books. In the course of administering the estate, reasons might appear to the secretary which would warrant, in his judgment, their disallowance. The legislature did not, by section 41, intend to prevent the secretary from taking such action. The purpose of that section was to furnish an expeditious method of "freezing" the claims of shareholders, and thereby to reduce to a minimum controversies concerning such discrepancies as might exist between the records of the shareholder and those of the association with reference to the amount of the shareholder's claim.

Although the Banking Act, supra, did not in terms authorize the Secretary of Banking to disallow claims, nevertheless it is apparent, from a consideration of the act as a whole and the purpose intended to be accomplished thereby, that he was to do so when, in his judgment, reasons for such action existed. In section

48, 7 PS §48, it is provided that if, upon the filing of the secretary's account, there are matters in controversy, "the court shall fix a time and place for the hearing, of which notice shall be given by the secretary to all depositors and other creditors *whose claims have been disallowed by the secretary,* or excepted or objected to by other depositors, creditors, or stockholders, as well as to those depositors, creditors, or stockholders, who have objected to the account or to claims allowed in the account." [Italics supplied.] Section 45, 7 PS §45, carries the same clear implication. It states: "At the expiration of the time fixed by the notice and advertisement for the presentation of claims prescribed in section forty-one of this act, the secretary may file a partial or final account, consisting of a statement of receipts and expenditures, together with a list of the claims which have been allowed, and, separately, a list of the claims which have been objected to or are disputed, showing, as to all claimants, the names, addresses, and amounts." This section further provides: "Upon the filing thereof, he shall give written or printed notice, to all the depositors and other creditors known to him, of such filing, and that, unless objections shall be filed within thirty days from the date thereof, the same will be confirmed absolutely. He shall also, at the same time, advertise such notice in two newspapers once a week for four successive weeks.

"During such period of thirty days, any depositor, other creditor, stockholder, or anyone having any interest, may file in the court objections in writing to said account or to the allowance of any of said claims, a copy of which objections shall forthwith be served upon the claimant whose claim is objected to, or his counsel, and upon the secretary, or his counsel, or the special deputy appointed by him in such proceeding."

Plaintiff's statement does not aver that plaintiff was not given notice of filing the first and partial account, as required by section 45, and it was stated

at the argument before this court, by counsel for plaintiff, that we may assume that such notice was given.

We do not understand plaintiff's complaint to be based solely upon the disallowance of his claim. If it were he would have no cause of action, because the allowance or disallowance of claims is a discretionary matter for which the defendant would not be liable in the absence of corrupt or malicious motives. See 46 C. J. p. 1043, §328; *Burton v. Fulton et al.*, 49 Pa. 151. The theory upon which plaintiff appears to now rely is that defendant is liable because he failed to notify plaintiff of the disallowance of his claim in defendant's first and partial account, filed February 18, 1932, and that such notification would be a ministerial duty, the omission of which would give plaintiff a cause of action against defendant.

There is nothing in the Banking Act, as amended, supra, that required defendant to give notice to plaintiff that his claim had been disallowed, and was so listed in the first and partial account. Admittedly, plaintiff received the notices required by sections 41 and 45. He does not aver that he was not given notice of the time and place for the hearing of disallowed claims, as provided by section 48. Plaintiff, in his statement of questions involved, recognized his action as one for damages for negligence in the performance of defendant's duties as Secretary of Banking. We are not required to pass upon the propriety of the form of action. Our views coincide with the conclusion of the court below. Plaintiff's statement does not show that defendant failed to perform, or negligently performed, any of the duties imposed on him by the statute. It does not present any cause of action (see *Vierling v. Baxter et al.*, 293 Pa. 52, 56, 141 A. 728) ; on the facts averred, as a matter of law, plaintiff is not entitled to recover (see *Rhodes v. Terheyden et al.*, 272 Pa. 397, 401, 116 A. 364). Before a public officer may be charged with neglect or violation of duty, the law imposing or exacting performance

430

of such duty must be pointed to with certainty.   See *Jones v. Barrett,* 83 Utah 476, 30 Pac. (2d) 273.

Other questions raised become immaterial, and it would serve no purpose to discuss them.

Judgment is affirmed.