Harr, Secretary of Banking, Appellant v.
Lower Chichester Township.

Argued January 8, 1940. Before SCHAFFER, C. J.,
MAXEY, DREW, LINN and PATTERSON, JJ.

*John V. Diggins,* with him *John W. Lord, Jr.,* Spe-
cial Deputy Attorney General, *Orville Brown,* Deputy
Attorney General, and *Claude T. Reno,* Attorney Gen-
eral, for appellant.

*Harold L. Ervin,* of *Lutz, Ervin, Reeser & Fronefield,*
for appellee.

OPINION BY MR. JUSTICE LINN, February 1, 1940:

This appeal is from an order made in the course of the audit of a partial account—the fourth in number— of the Secretary of Banking in charge of Lansdowne Bank and Trust Company. The Secretary took possession December 18, 1931. The appellee, the township of Lower Chichester, at that time was a depositor with a credit of $23,182.76, holding as security for the repayment of its deposit, a bond and mortgage in the sum of $16,800 owned by the bank.

The first, second and third accounts were filed December 15, 1932, July 24, 1934, and December 28, 1934, and on each the township received a dividend, in all, 27%, amounting to $6,259.34. These dividends were calculated and paid on the face of the deposit; no credit was then taken by the receiver for the value of the security held by the depositor. During the period in which the Secretary was administering the affairs of the bank, the township foreclosed its mortgage and took title to the property for one dollar. As this foreclosure occurred during the receivership, the bid is not conclusive of value between the parties: *Beaver County B. & L. Ass'n v. Winowich,* 323 Pa. 483, 490n, 187 A. 481; *Strauss v. Strauss,* 328 Pa. 72, 77, 194 A. 905. In the winding up of an insolvent bank, the status is fixed as of the date possession is taken by the Secretary: *United Security Trust Co. Case,* 321 Pa. 276, 284, 184 A. 106. The result is different if the mortgage is foreclosed before the receivership: compare *Emlen's Estate,* 333 Pa. 238, 4 A. (2d) 143; *Mortgage B. & L. Ass'n Cases,* 334 Pa. 81, 104, 5 A. (2d) 342.

At the audit of the fourth account, the Secretary claimed credit for the value of the security, which the court found to be $6,300, a finding not challenged by the township. The Secretary contended that the dividends allowed in the first three partial accounts should have been allowed only on the face of the deposit less

the value of the security, that is, $23,182.76 less $6,300, in accord with the decision in *United Security Trust Company Case,* 321 Pa. 276, 184 A. 106, and that the township should not now be entitled to receive further dividends until the overpayment had been allowed for in this and any subsequent accounting. The learned judge denied the right to readjust the prior distribution, being of opinion that prior accounts were closed beyond such revision; he did, however, hold that in this and any subsequent accounting the township should receive its dividend only on the amount of its deposit, less the value of the security, in accord with the rule applied in the *United Security Trust Company Case,* supra. The Secretary, in this appeal, renews his contention which was rejected below.

The legislation in effect when the Secretary took possession was the Act of 1923, P. L. 809, as amended in 1927, P. L. 762, and in 1931, P. L. 193. While this legislation was supplanted by the Act of 1933, P. L. 565, 71 PS section 733-1 et seq., passed while the bank's property was being administered by the Secretary, the record is nevertheless governed by the earlier legislation except as to procedural changes made in the later statute. The legislature, mindful of existing proceedings under the supplanted statute, provided, in section 13 of the Act of 1933:[1] "B. The provisions of this act shall not affect any act done, liability incurred, or right accrued, or any suit or prosecution pending or to be instituted to enforce any right or penalty or to punish any offense under the authority of any act repealed or superseded by this act."

---

[1] This Act made substantive changes in the earlier legislation; for example, under the Act in force when the Secretary took possession a claimant who failed to present his claim on the first account might come in on subsequent accounts while under the Act of 1933 the claimant is barred if he does not present his claim at the first account.

Section 45 of the Act of 1923 provides for the filing of partial or final accounts, notice to interested parties, and the filing of objections to claims within 30 days.

Section 46 provides for equal distribution to claimants whose claims are undisputed and the setting aside of amounts necessary to cover disputed claims pending determination of validity.

The presently pertinent section 47 provides: "The confirmation of a partial account and distribution thereunder, as aforesaid, shall be conclusive only as to the fund distributed, and shall not prevent the proof and allowance, out of the fund involved in any subsequent account, of claims not presented in time for allowance out of such previous fund." The section also provides that the confirmation of the final account shall be conclusive and shall discharge the Secretary, but we are not now dealing with that situation. See *No. 90 B. & L. Ass'n v. Allesandroni,* 317 Pa. 30, 176 A. 235.

Without now attempting to define the limits of the meaning of the portion of section 47 quoted, we think that the confirmation of the partial accounts and distribution pursuant thereto, was intended to be "conclusive only as to the fund distributed"; that is, after the distributee has received his dividend, he may not be required to pay it back, always assuming there is no fraud. But we also think that as the proceeding is in equity,[2] the court may require any claimant, as a condition of sharing in any subsequent fund brought in for distribution with other creditors of the same class, to do equity by crediting on the amount of dividends subsequently distributable the amount of prior overpayment resulting from the failure, in earlier accounts, to credit the value of the security held by the claimant, as in this case. What was originally done when this

---

[2] Section 709 of the Act of 1933, supra, contained a procedural provision which was declaratory of the former law. "Power of Court to Make and Enforce Orders.—The court in which the certificate of possession is filed shall sit as a court of equity . . . ."

claim was presented was of course done in good faith,[3] but equality of treatment among creditors of the same class requires an adjustment in subsequent distributions in order that proper effect may be given to the legislation provided for the equal benefit of all creditors. The words of the statute, that confirmation of a partial account shall be conclusive, are fully satisfied by holding that a creditor need not pay back any money received in distribution; at the same time the equitable nature of the proceeding will be satisfied by withholding further distribution on the revised amount of the claim until all the other creditors have shared to the same extent. Compare Restatement, Trusts, section 254; *Taylor's Appeal*, 11 A. 307; *Mulholland's Estate*, 154 Pa. 491, 26 A. 612; *Skeels's Estate*, 228 Pa. 407, 77 A. 635.

In the brief filed on behalf of the township, it is contended that the rule requiring the depositor to credit the value of his security should not be applied to a municipal deposit. The argument is that as various statutes require municipal deposits to be secured by depository bonds or other security sufficient to indemnify against loss resulting from the bank's default, the legislature intended that "depositors of public monies shall be treated differently than ordinary depositors" and shall not have applied to them the rule in question. We must reject the argument and apply the statute fixing the order in which depositors shall be paid; it makes no distinction giving such preferential treatment to municipal depositors: See Act of 1907, P. L. 192, section 1, as amended, 1913, P. L. 354. Whether or not a case can be made out for a decree that a constructive trust exists is not now before us.

The order appealed from is reversed and the record is remitted for correction accordingly.

---

[3] It was done prior to the decision in *United Security Trust Co. Case*, 321 Pa. 276, 184 A. 106.