### HIGHWAY PAVING COMPANY
#### v.
**Frank F. HAUSMAN, Frank F. Hausman Materials Corporation, Frank F. Hausman Paving Co., Inc., Arthur L. Wiesenberger and S. Paul McNamara.**

#### Civ. A. No. 24975.

United States District Court
E. D. Pennsylvania.
March 25, 1959.

James J. Regan, Jr., Bala-Cynwyd, Pa., for plaintiff.

Groman & Rapoport, Allentown, Pa., for Frank F. Hausman, Frank F. Hausman Materials Corp., Frank F. Hausman Paving Co., Inc., and Arthur L. Wiesenberger.

Michael J. Stack, Jr., Dept. of Justice, Harrisburg, Pa., for S. Paul McNamara.

EGAN, District Judge.

This is a diversity suit and it is presently before the Court on defendants' motions to dismiss the complaint for failure to state a cause of action upon which relief can be granted. Plaintiff is an unsuccessful bidder on a State materials contract awarded by the Commonwealth of Pennsylvania. Defendant, McNamara, was, at the time alleged in the complaint, a deputy secretary and contract supervisor of the Department of Property and Supplies, while the defendant, Wiesenberger, was chief engineer of the Department of Highways. The corporate defendants were the parties to whom the contract in question was ultimately awarded.

It is also alleged that the individual defendant, Frank Hausman, was the principal stockholder, officer and director of the corporate defendants.

 In considering these motions, all facts well pleaded are deemed admitted. In May 1956 the Commonwealth of Pennsylvania advertised for bids on highway materials. Plaintiff submitted bids, along with other parties, and it is alleged that when the bids were opened, plaintiff was low bidder on certain specified items. However, the contract was awarded to the corporate defendants. Plaintiff contends that the defendants, Wiesenberger and McNamara, who were junior officers of two of the Commonwealth's executive departments, conspired to award the contract to the corporate defendants, irrespective of its low bid, and thereby maliciously interfered with plaintiff's right to secure this contract. The defendants contend, for several reasons, that the complaint fails to state a cause of action.

First, it is contended that plaintiff as the low bidder has no rights at all since the statute in Pennsylvania [1], which states that a contract should be awarded to the lowest of at least two bidders, was not passed for the benefit of the low bidder or intended to give him any rights, but was passed for the benefit of the

State. American Pavement Co. v. Wagner, 1891, 139 Pa. 623, 21 A. 160, Colorado Paving Co. v. Murphy, 8 Cir., 1897, 78 F. 28, 37 A.L.R. 630. However, the principles stated in the Colorado Paving Co. case and the others cited by the defendants such as Commonwealth ex rel. Snyder v. Mitchell, 1876, 82 Pa. 343 are distinguishable since they involved actions brought by disappointed bidders against the Government, or its officials, for mandamus or injunction to have the contract awarded to them. This was clearly pointed out in the case of Lewis v. Bloede, 4 Cir., 1912, 202 F. 7 in which the Court said:

"Defendants earnestly insist that, if all of this be conceded, yet the instruction was correct, because the Chemical Company had no property interest, or legal right, to demand of the government that, after submitting its bid and sample securing the rating, it make a contract for the ink. Colorado Paving Co. v. Murphy, 78 F. 28, 23 C.C.A. 631, 37 L.R.A. 630, is cited. There the appellee, the lowest bidder for certain paving material, sought to enjoin the board of public works from giving the contract to a higher bidder. The bill charged a conspiracy, etc. The court properly held that it could grant no relief, because the plaintiff had acquired no legal right to demand that the contract be awarded to it, which a court of equity would enforce. The principle involved here is clearly distinguishable. The gravamen of this action is that defendants, by a malicious interference, deprived the Chemical Company of the opportunity to enter into a contract under the conditions shown by the evidence. As we have seen, the authorities uniformly hold that, when the action is for malicious interference with a contract, the guilty party will not be heard to say that the contract interfered with was invalid and not enforceable. The question in such case is: Does the

1. 71 P.S. § 187.

evidence tend to show that 'in the natural course, and but for such interference, the contract would have been formed'? The basis of the action is 'for maliciously preventing a person from entering into a contract which he would otherwise have entered into.' Adapting the language of Judge Brewer to the testimony in this case, it is no answer to plaintiff's complaint to say that there was no certainty that the contract would have been made. If such a defense were tolerated, it would always be an answer, in case of any wrongful interference with the making of a contract, for there is always a lack of certainty." 202 F. at page 24.

The above case is also a partial answer to the defendants' contention that there is no appellate decision in Pennsylvania recognizing a right of action for malicious interference with the right to secure a contract. The weight of authority in the country today [2] has recognized such a right and it is supported by one lower Court case in Pennsylvania [3]. See also Zoby v. American Fidelity Company, 4 Cir., 1957, 242 F.2d 76, 79.

The reason is best stated by Professor Prosser in Prosser on Torts, 2nd ed., p. 746:

"It has been said that 'in a civilized community which recognizes the right of private property among its institutions, the notion is intolerable that a man should be protected by the law in the enjoyment of property once it is acquired, but left unprotected by the law in his effort to acquire it;' and that since a large part of what is most valuable in modern life depends upon probable expectancies as social and industrial life becomes more complex the Courts must do more to discover, define and protect them from undue interference."

Therefore we feel that plaintiff's complaint states a cause of action for malicious interference with the right to secure a contract, although it may be difficult or impossible of proof at a trial.

 The remaining point raised by the defendants is the fact that Wiesenberger and McNamara cannot be held liable under any circumstances since they were public officials and hence immune from suit. The Pennsylvania cases seem to hold that public officials acting within the scope of their authority are not answerable in damages for the consequences of their acts unless done maliciously and with intent to injure. Yealy v. Fink, 1862, 43 Pa. 212; Burton v. Fulton, 1865, 49 Pa. 151; Schwinn v. Gordon, 1938, 134 Pa.Super. 422, 3 A.2d 926 (a suit against the Secretary of Banking). This, of course, is exactly what the plaintiff is charging in his complaint.

If immunity is to be granted to public officials, it must come by way of State legislation and it must be broad enough to cover the situation presented in this case.

Therefore, for the reasons stated above, defendants' motions will be denied.

---

2. Restatement, Torts, § 766(b), 99 A.L.R. 12.

3. Todd v. Skelly, Pa.1954, 70 Montg.Co. Law Rep. 280.