## Thomas v. Osborn

*Richard Reifsnyder*, for plaintiff.

*Fred T. Cadmus, 3rd* and *Norman J. Pine*, for defendants.

GAWTHROP, P. J., April 20, 1966.—Defendants filed a preliminary objection in the nature of a demurrer to plaintiff's amended complaint, asserting that the pleading does not state a good cause of action for two reasons: (1) It fails to aver that their alleged nonfeasance was intentional, and (2) such nonfeasance, as opposed to misfeasance, is not actionable. After argument, the matter is before us for decision. The preliminary objection must be sustained for the first reason assigned.

Yealy v. Fink, 43 Pa. 212, and Burton v. Fulton, 49 Pa. 151, the basic authorities controlling this situation, demonstrate that to plead a good cause of action against public officers, who were acting within the

scope of their authority, plaintiff must allege that their conduct was intentional, as well as malicious, wanton or reckless. In Highway Paving Company v. Hausman, 171 F. Supp. 768, the United States District Court for the Eastern District of Pennsylvania so construed them when it said: "The Pennsylvania cases seem to hold that public officials acting within the scope of their authority are not answerable in damages for the consequences of their acts unless done *maliciously and with intent to injure*". (Italics supplied.) Such being true as to affirmative acts of such officials, it is no less true where their inaction or nonfeasance is charged.

As to the second phase of defendants' argument, although no Pennsylvania cases have been found so deciding, there is no difference in the principle involved. While intentional and malicious, wanton or reckless inaction or nonfeasance, as opposed to affirmative action, may be much more difficult of proof, if not impossible, we hold that the same rule of law as to pleading and proof applies. Cf. Stiebitz v. Mahoney, 144 Conn. 443, 134 A.2d 71, 74.

And now, April 20, 1966, the preliminary objection in the nature of a demurrer to plaintiff's amended complaint is sustained, and plaintiff is allowed 20 days from this date to file a second amended complaint.